# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

EDWARD RAY BURGESS                                                                                   PLAINTIFF
ADC #138263

V.                                       NO: 5:11CV00076 JMM/HDY

RAY HOBBS *et al.*                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Edward Ray Burgess, currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on March 30, 2011. Defendants are ADC Director Ray Hobbs, Cummins Unit Warden Gaylon Lay, Disciplinary Judge Justine Minor, and Hearing Officer Administrator James Gibson.

## **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*,

355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to the complaint, in July of 2010, Plaintiff was charged with disciplinary violations in connection with his alleged possession of a cell phone, computer device, and identification card while he was participating in the A.L.E.T.A. program.[1] Plaintiff contends that he was never in possession of the items, but, after a hearing, Minor found him guilty of the violations based on the statements of Benny Greer, a non-party mechanic. As a result of the conviction, Plaintiff was sentenced to 30 days of punitive time, 60 days of lost privileges, and a year in administrative segregation before he could regain his class. Plaintiff also claims he lost wages as a result of his segregation, and removal from the A.L.E.T.A. program. Plaintiff's appeals to Lay, Gibson, and Hobbs, were fruitless. Plaintiff contends he was not allowed to call his supervisor, Rex Wallingford, as a witness, and essentially argues that he was denied due process in his hearing.

---

[1]Plaintiff does not explain what the A.L.E.T.A. program is, but it appears from the complaint that it is a work program, and that Benny Greer and Rex Wallingford, who Plaintiff mentions as witnesses in the complaint, were free-world employees at A.L.E.T.A.

Plaintiff also asserts that he was placed into administrative segregation before his hearing, that ADC policies were not followed, and that his cell was unduly hot for the 30 days of punitive time.

Plaintiff's placement into administrative segregation for a short period of time before his hearing, or his 30 days of punitive time, 60 days of lost privileges, or his year in administrative segregation, does not amount to a constitutional violation because he described no "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed). Although a lengthy period of segregation may, depending on the conditions, give rise to due process protections, *see Williams v. Norris*, 277 Fed.Appx. 647, 648 (8th Cir. 2008)(unpublished per curiam)(approximately 12 years in administrative segregation was atypical and significant hardship), shorter periods of segregation do not. *See Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 2008)(unpublished per curiam)(four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not an atypical and significant hardship). Moreover, Plaintiff did receive due process in the form of a hearing. According to the complaint, Minor based her findings on Greer's testimony. The United States Supreme Court has held that in prison discipline cases, the requirements of due process are satisfied if "some evidence" supports the decision by the prison disciplinary board. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). In reaching that conclusion, the Court cited with approval the Eighth Circuit decision of *Willis v. Ciccone*, 506 F.2d 1011, 1018 (8th Cir. 1974), which held that "[t]he

sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by prison officials." *See also Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (prison disciplinary committee's finding, based on corrections officer's description of events, that prisoner actually violated prison regulations essentially "checkmate[d]" prisoner's retaliation claim), cert. denied, 515 U.S. 1145 (1995). Plaintiff claims that Greer's testimony against him was motivated by Plaintiff's knowledge of Greer's possibly illegal work-related activities. Although Plaintiff may be claiming that Minor was biased because she accepted Greer's testimony, there is no indication that Minor was involved in Greer's activities, or that she had any reason to be biased. *See McMaster v. Pung*, 984 F.2d 948, 952 (8th Cir. 1993)(no factual basis for inmate's claim of bias; no hearing officer involved in underlying event). Thus, Plaintiff had an opportunity to defend himself against the charges, and his dissatisfaction with the conclusion of the hearing judge does not mean he was denied due process.

Plaintiff does claim that the cell in which he served his punitive time was 100 degrees or more at times, that his mat was taken from 7 a.m. to 7 p.m., that the cell was dirty, that the light was on all the time, and that these conditions resulted in him suffering from back pain and a rash. Such allegations could be construed as an attempt to pursue a claim for unconstitutional conditions of confinement. However, for the limited time period Plaintiff experienced the conditions, the facts alleged do not demonstrate that he was denied the minimal civilized measure of life's necessities, or subjected to conditions constituting substantial risk of serious harm. Accordingly, he has failed to state a claim for an Eighth Amendment violation. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996) (discussing requirements to establish a condition of confinement claim); *Frye v. Pettis*

*County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam) (same).[2]

Finally, to the extent that Plaintiff asserts that prison policy was violated, such allegations do not state a claim for relief. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Therefore, Plaintiff's complaint fails to state an actionable claim, and should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. All pending motions be DENIED.

3. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __12__ day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]Although it is clear that the focus of Plaintiff's complaint is his challenge of his disciplinary conviction, he also at least arguably alleged that a nurse provided him with inadequate medical care for his back pain. However, according to the complaint, Plaintiff's back condition predates his incarceration, and the nurse is not a named Defendant. Accordingly, any claim Plaintiff wishes to pursue for inadequate medical care is more appropriate for a separate lawsuit.